UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL LOUIS OVERTON, | No. CV 13-05646-R (VBK) |
| Plaintiff, | ORDER TO SHOW CAUSE RE DISMISSAL |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, et al., | |
| Defendants. | |

On July 23, 2013, Michael Louis Overton (hereinafter referred to as "Plaintiff") filed a "Notice of Motion and Motion to Recover Entitled Benefits Under 28 U.S.C. 4207 and 42 U.S.C. 1997" ("Complaint") against Defendants United States Social Security Administration Head; Veterans Administration Head Official; and West Point Military Academy in the United States District Court for the Northern District of California.

On July 30, 2013, an Order of Transfer was issued by United States District Judge William Alsup transferring this action to the United States District Court for the Central District of California.

On August 16, 2013, an Order re Leave to File Action Without

1  Prepayment of Full Filing Fee was issued, and Plaintiff's Complaint
2  was filed in United States District Court for the Central District of
3  California. It was noted that Plaintiff had failed to authorize
4  disbursements from his prison trust account to pay the filing fee;
5  failed to provide a certified copy of trust fund statement for the
6  last six months and made an inadequate showing of indigency. (Docket
7  No. 7.)

**ALLEGATIONS IN PLAINTIFF'S COMPLAINT**

Plaintiff, a state prisoner incarcerated at the California Men's Colony-East, alleges that he is an attorney licensed by the California State Bar and has a paralegal degree from Hastings School of Law. (Complaint at 3.) In Claim One, Plaintiff contends that he has a vested interest and entitlement to receive Social Security benefits "'on behalf' of [his] wife" and an additional interest in his "deceased brother's-survivor's benefits" as of June 1997. (Id. at 3-4.) In Claim Two, Plaintiff alleges that the United States Air Force, Veterans Administration and Military Induction Center violated a breach of trust in fraudulently attempting to locate Lieutenant Major Mike Overton who was in prison during the time in question. (Id. at 5.)

In Claim Three, Plaintiff states that he was inducted into West Point Academy during the 1973 Vietnam conflict. Plaintiff was commissioned on his first tour to Hanoi and a second tour in Saigon. (Id. at 5.) Plaintiff alleges his induction rank was Lieutenant Major; however, he was diagnosed with a heart murmur and given an honorable discharge. Plaintiff seeks an award of benefits. (Id.)
//

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed In Forma Pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the district court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint may also be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n. 6 (1989) (unanimous decision) (patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). A challenge to the Court's subject matter jurisdiction can be raised at any time, including sua sponte by the Court. Emrich v. Touche Ross and Co., 846 F.2d 1190, 1194 n. 2. (9th Cir. 1988). Dismissal for lack of subject matter jurisdiction is proper where the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 89 (1998). (Citations and internal quotations omitted.)

//
//
//

**DISCUSSION**

For all of the following reasons, Plaintiff's Complaint should be dismissed without leave to amend.

**A.   Plaintiff Has Failed to State a Claim Against Defendants**.

Plaintiff seeks to recover benefits against Defendants pursuant to 28 U.S.C. § 4207 and 42 U.S.C. § 1997 and alleges jurisdiction pursuant to these sections of the United States Code. However, 28 U.S.C. § 4207 does not exist in the United States Code. Further, while 42 U.S.C. § 1997 defines the term "institution" to encompass any facility, including a jail, it does not establish subject matter jurisdiction.

Plaintiff's allegations and the nature of his claims are unclear and Plaintiff fails to identify the specific theories upon which the asserted claims against the Defendants are based. Accordingly, Plaintiff has failed to state a constitutional violation or a violation of a federal statute against Defendants that would confer jurisdiction upon this Court.

**B.   A United States Agency Cannot Be Sued Unless There Is a Waiver of Sovereign Immunity**.

A United States officer cannot be sued in his official capacity nor a United States agency be sued, unless there is a waiver of sovereign immunity. Any waiver of sovereign immunity must be express. Doe v. Attorney General of United States, 941 F.2d 780, 788 (9th Cir. 1991). The doctrine of sovereign immunity bars claims for monetary damages against federal actors in their official capacities. See, e.g., Thomas Lazear v. Federal Bureau of Investigation, 851 F.2d 1202,

1207 (9th Cir. 1988)("The United States has not waived its sovereign immunity in actions seeking damages for constitutional violations").

This Court lacks subject matter jurisdiction to consider a constitutional damage claim against the United States, because the United States has not waived sovereign immunity with respect to such claims. Cato v. United States, 70 F.3d 1103, 1110 (9th Cir. 1995); Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir. 1985), cert. denied, 474 U.S. 1101 (1986); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

Sovereign immunity also extends to the agencies of the federal government. See Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 486 (1993)(holding that a Bivens claim cannot be brought against a federal agency); Daly-Murphy v. Winston, 837 F.2d 348, 356 (9th Cir. 1987)(same).

"[A] person attempting to sue a federal agency or officer must demonstrate that the claim is covered by specific statutory authorization to sue the United States, or that in effect [the complaint] is not a suit against the United States. This is a fundamental subject matter jurisdictional requirement." 14 Wright Miller and Cooper, Federal Practice and Procedure, Jur. 3d §3655 (1998). Any waiver of sovereign immunity must be express. Doe v. Attorney General of the United States, 941 F.2d 780, 788 (9th Cir. 1991). It is clear that this Court has no subject matter jurisdiction over money damage claims against official actors brought pursuant to Bivens. See Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). Therefore, due to the doctrine of sovereign immunity, this Court lacks the power to hear Plaintiff's claims against Defendants.

1    Plaintiff can obtain damages against the Defendants under only
2 one of two theories: a claim under the Federal Tort Claims Act, 28
3 U.S.C. §§1346, 2671-2680; or an implied cause of action under the
4 principles of <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1977).
5    In order to file a claim under the Federal Tort Claims Act,
6 Plaintiff must have exhausted his administrative remedies. <u>Graham v.
7 United States</u>, 96 F.3d 446, 447 (9th Cir. 1996). Specifically, 28
8 U.S.C. §2675(a) provides in part:
9    "An action shall not be instituted upon a claim against
10    the United States for money damages for injury or loss of
11    property or personal injury or death caused by the negligent
12    or wrongful act or omission of any employee of the
13    Government while acting within the scope of his office or
14    employment, unless the claimant shall have first presented
15    the claim to the appropriate federal agency and his claim
16    shall have been finally denied by the agency in writing and
17    sent by certified or registered mail. The failure of an
18    agency to make final disposition of a claim within six
19    months after it is filed, at the option of the claimant any
20    time thereafter, be deemed a final denial of the claim for
21    purposes of this section..."
22
23    A federal court may not exercise subject matter jurisdiction over
24 a claim under the Federal Tort Claims Act until administrative
25 remedies have been exhausted. 28 U.S.C. §2675(a); <u>McNeil v. United
26 States</u>, 508 U.S. 106, 112-13 (1993). There is no indication anywhere
27 that plaintiff exhausted any administrative remedies. This Court may
28 dismiss the Complaint for failure to allege this jurisdictional

prerequisite. See Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

**ORDER**

Accordingly, within 20 days of the date of this Order, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, why this case should not be dismissed.

DATED: August 27, 2013

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE